IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RACHEL HIGGINS, as personal representative of
the Estate of Jaime F. Flores, and on behalf of
JAIME JEFFREY FLORES, the surviving minor
child of Jaime F. Flores,

       Plaintiff,

v.                                                         CIV 09-0410 JP/KBM

PARSONS TRUCKING CO., INC., and
JAMES F. SANER,

       Defendants.

## ORDER REGARDING SUFFICIENCY OF ANSWERS TO REQUESTS FOR ADMISSIONS

THIS MATTER comes before the Court upon Plaintiff's fully briefed Motion to Determine Sufficiency of Defendants' Responses to Requests for Admission and to Compel Amended Responses *(Doc. 89)* as to Responses Nos. 1, 6, 7, 8, 12, 14, 15, 17 and 20-24 which are attached to the Motion at Exhibit B.  The Court has reviewed Plaintiff's Requests for Admissions ("RFA") and Defendants' Responses and has given due consideration to the arguments of the parties.  The Court finds that the motion should be granted in part and denied in part.

Rule 36(a)(6) of the Federal Rules of Civil Procedure provides that "[t]he requesting party may move to determine the sufficiency of an answer or objection."  Rule 36(b)(4) states in pertinent part:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and

> qualify or deny the rest. The answering party may assert lack of
> knowledge or information as a reason for failing to admit or deny
> only if the party states that it has made reasonable inquiry and that
> the information it knows or can readily obtain is insufficient to
> enable it to admit or deny.

The Court has examined the requests and responses against this standard and now sets forth its rulings on the sufficiency of the responses to the RFAs in dispute.

### *Responses to RFA Nos. 1, 6-8 & 14*

Defendants interpose the boilerplate objection that these requests call "for an overly broad, vague, and speculative answer" and denied the requests. I am unconvinced that Plaintiff's requests are "so defective in form" that answers should not be required. C. Wright & A. Miller, Federal Practice and Procedure §§ 2258 & 2262. Defendants shall respond and comply with Rule 36(b)(4).

### *Responses to RFA Nos. 12 & 17*

Despite the stated objections, Defendants have qualified their responses to sufficiently identify the extent to which part of a request is admitted and the extent to which it is denied. No further response will be required.

### *Responses to RFA Nos. 15 & 20-24*

Defendants have responded that they have "made reasonable inquiry into the matter" and assert that the available information is insufficient to admit or deny these requests, so they have interposed denials. Because discovery has concluded and the parties must surely know where the accident in question occurred, I find it somewhat dubious that Defendants lack the ability to easily obtain sufficient information to ascertain such things as whether its rig was parked within 200 yards of an off ramp (RFP 22) or whether designated rest areas were located within 20 miles of that location (RFP 23).

Nevertheless, the committee comments to the 1970 revisions to Rule 36 provide some

insight into the sufficiency of a denial based upon lack of sufficient information:

> The rule as revised adopts the majority view, as in keeping with a basic principle of the discovery rules that a reasonable burden may be imposed on the parties when its discharge will facilitate preparation for trial and ease the trial process. It has been argued against this view that one side should not have the burden of "proving" the other side's case. The revised rule requires only that the answering party make reasonable inquiry and secure such knowledge and information as are readily obtainable by him. In most instances, the investigation will be necessary either to his own case or to preparation for rebuttal. Even when it is not, the information may be close enough at hand to be "readily obtainable." Rule 36 requires only that the party state that he has taken these steps. The sanction for failure of a party to inform himself before he answers lies in the award of costs after trial, as provided in Rule 37(c).

Advisory Committee Notes, Rule 26(a), 48 F.R.D. 531, 533 (1970). Thus, having represented that they have made the necessary reasonable inquiry, no further response will be required by the Court. Defendants are on notice that they expose themselves to an award of costs after trial if that representation is erroneous.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE